IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REYNA CARIZOZA,

    Movant,

vs.                                                  No. CV 16-00731 MCA/GBW
                                                    No. CR 13-01559 MCA

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts on Movant Reyna Carizoza's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1; CR Doc. 65).

A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009). It appears on the face of Carizoza's Motion that the motion was not filed within one year as required by 28 U.S.C. § 2255(f). Therefore, on July 5, 2016, the Court ordered Movant Carizoza to show cause by July 27, 2016 why the Motion should not be dismissed as untimely. (CV Doc. 2; CR Doc. 66). Carizoza filed an untimely response to the Court's Order on July 28, 2016.  Further, even if the response had been timely, Carizoza does not present any basis to excuse the late filing of her § 2255 Motion or toll the one-year statute of limitations.  Therefore, the Court will dismiss her § 2255 Motion as time-barred.

Section 2255(f) sets out the statute of limitations governing motions for collateral review of convictions and sentences:

> "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Carizoza's Motion states that she was sentenced and judgment was entered on November 14, 2013.  (CV Doc. 1 at 1, ¶ 2).  Carizoza indicates she did not appeal from the judgment of conviction or file any prior motions, petitions, or applications concerning the judgment of conviction. (CV Doc. 1 at 1, ¶ 8; Doc. 1 at 2, ¶ 11).  The actual record in CR 13-01559 shows that the Judgment of conviction was entered November 26, 2013 (CR Doc. 46) and Carizoza did file a direct appeal that was dismissed as untimely on April 11, 2014 (CR Doc. 51).  Carizoza then filed a § 3582 motion to reduce sentence, which was granted by the Court on May 21, 2015.  (CR Doc. 61).  However, neither her untimely direct appeal nor the motion to reduce sentence would alter or toll the running of the one-year limitation period of § 2255(f).  *See United States v. Terrones-Lopez*, 447 Fed.App'x 882, 884-85 (10th Cir. 2011).  Carizoza's judgment of conviction became final in November of 2013.  *Clay v. United States*, 537 U.S. 522, 524 (2003).

Under 28 U.S.C. § 2255(f)(1), a request for collateral review of the sentence or judgment had to be filed within one year after November 2013. Carizoza's Motion Under 28 U.S.C. §§ 2255 was not filed until June 27, 2016, more than two and one-half years after the judgment became final. Carizoza's § 2255 Motion is untimely on its face and on the actual record. Although given the opportunity, Carizoza has not made any showing that the limitation period should run from a different date or that circumstances exist to toll the running of the statute of limitations. *See* 28 U.S.C. § 2255(f)(2), (3), or (4); *Marsh v. Soares,* 223 F.3d 1217, 1220-21 (10th Cir. 2000).

Carizoza was ordered to respond to the Court's show-cause Order by July 27, 2016. Carizoza's response was not received until July 28, 2016. (CV Doc. 3).The general rule is that a document is deemed filed with the Court on the date that the document is received by the Clerk of the Court. *See* Fed.R.Civ.P. 5(d)(2); Fed.R.Crim.P. 49(d). A prisoner such as Movant Carizoza may take advantage of the prison mailbox rule, in which case the filing date is deemed to be the date the prisoner placed the document in the prison mailing system. However, to obtain the benefit of the prison mailbox rule, the prisoner mandatorily must comply with the requirements of the rule. *United States v. Smith,* 182 F.3d 733, 734 n. 1 (10th Cir.1999).

For purposes of § 2255 proceedings, the prison mailbox rule is set out in rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 3(d) states:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts (emphasis added).

Rule 3(d) provides that, for prisoners, timely filing through use of a prison mail system may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid. Even if the prisoner actually uses the prison's mail system and pays the postage, that use of the system will not trigger the mailbox rule if the mandatory declaration requirements of rule 3(d) are not satisfied. Instead, if the declaration does not meet the requirements of the rule, the date of receipt by the court is the controlling filing date. *See, e.g., Price v. Philpot,* 420 F.3d 1158, 1165-67 (10th Cir.2005); *United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143-46 (10th Cir.2004); *Smith,* 182 F.3d at 734 n. 1. The Certificate of Service for Carizoza's response does not meet the declaration requirements of rule 3(d). See CV Doc. 3 at 2. Therefore, the filing date of July 28, 2016 controls and Carizoza's response is untimely.

However, even if Carizoza had filed a timely response to the show-cause Order, her response does not present circumstances that would toll the one-year limitation period or excuse her failure to file within one year. Although Carizoza argues that she should be entitled to equitable tolling because of mental health problems (CV Doc. 3 at 1), Carizoza does not establish that mental health issues justify the exercise of equitable jurisdiction.

The statute of limitations is subject to equitable tolling, but equitable tolling is restricted to rare and exceptional circumstances. To be entitled to equitable tolling, a defendant must show (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). An inmate bears a heavy burden to

show specific facts to support her claim of extraordinary circumstances and due diligence. *Yang. v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). *See also, Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998); *United States v. Martinez,* 303 F.App'x 590, 596 (10th Cir. 2008). Further, circuit precedent is clear that courts should use equitable tolling sparingly. *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). The Tenth Circuit has consistently found equitable tolling not appropriate, absent truly extraordinary circumstances, even in cases involving inmates with medical or mental health conditions. *See Garza v. Kansas,* 449 F.App'x 734 (10th Cir.2011) (equitable tolling inappropriate where defendant made reference to his medical history but otherwise did not explain his multiple-year delay in seeking federal relief); *United States v. Buckaloo,* 257 F.App'x 88, 89–90 (10th Cir. 2007).

Carizoza response shows that the Bureau of Prisons psychology services placed her on CARE1-MH status (inmate does not have a diagnosable mental disorder which results in a significant level of impairment or a need for regular mental health intervention). (*See* CV Doc. 3 at 3-9). Her response also presents no actual evidence that a mental health condition prevented her from pursing her legal rights. *See Miller v. Runyon,* 77 F.3d 189, 191-92 (7th Cir. 1996) (a petitioner who asserts entitlement to equitable tolling on grounds of mental illness must show that his illness actually rendered him unable to file his federal habeas petition before the limitation period expired). *See also, Zerilli–Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80 (2d Cir.2003) (equitable tolling appropriate where a plaintiff's medical condition or mental impairment prevented him from proceeding in a timely fashion). To the contrary, the record establishes that during the relevant time period, Carizoza was able to file a pro se motion for reduction of her sentence, which was ultimately granted by the Court. (CR Doc. 55, 61).

Carizoza's response does not establish entitlement to equitable tolling of the one-year

time period and her motion is time-barred by the statute of limitations of 28 U.S.C. § 2255(f)(1). The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Carizoza has failed to make a substantial showing that she has been denied a constitutional right.  The Court will deny a certificate of appealability.

**IT IS ORDERED** that Movant Reyna Carizoza's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1; CR Doc. 65) is **DISMISSED** as untimely under 28 U.S.C. § 2255(f) and a certificate of appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE